

# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
      JUDGE

## <u>LETTER OPINION</u>

January 19, 2012

Gary I. Lerner
Davidoff Malito & Hutchner LLP
605 Third Avenue, 34th Floor
New York, NY 10158

    (*Attorney for Plaintiffs Joseph J. DeFalco & Anna DeFalco*)

Martin Trevor Lyons
Joanna Susan Rich
Connell Foley LLP
85 Livingston Avenue
Roseland, NJ 07068

    (*Attorneys for Defendants New Jersey Semi-Conductor Products, Inc. & Robert Hildebrandt*)

     **RE:   DeFalco, et al. v. New Jersey Semi-Conductor Products, Inc., et al.**
              **Civ. No. 11-3138 (WJM)**

Dear Counsel:

    This matter comes before the Court on Defendants' Motion to Dismiss Counts Seven, Eight and Twelve of Plaintiffs' Complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6).  For the reasons set forth in this Letter Opinion, Defendants' motion is **GRANTED in part** and **DENIED in part**.

## I.   BACKGROUND

The following version of events assumes Plaintiffs' allegations in the Complaint are true.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Plaintiffs Joseph DeFalco and Anna DeFalco are husband and wife.  They are also former employees of Defendant New Jersey Semi-Conductor Products, Inc. ("NJ Semi-Conductor").  Defendant Robert Hildebrandt is the company's president.

Plaintiffs allege that beginning sometime before January 2007, Joseph DeFalco began to experience discriminatory treatment at NJ Semi-Conductor because of his national ancestry.[1]  In June 2007, he filed formal discrimination complaints with the New Jersey Division of Civil Rights and the United States Equal Employment Opportunity Commission.  These claims were subsequently resolved and Mr. DeFalco and NJ Semi-Conductor entered into a Stipulation of Settlement.  As a result, Mr. DeFalco formally withdrew his complaints and NJ Semi-Conductor paid $6,500 to Mr. DeFalco's attorney for his representation of DeFalco in that matter.[2]  Plaintiffs continued to work for NJ Semi-Conductor.

Plaintiffs claim that Robert Hildebrandt thereafter engaged in a pattern of abusive supervision of Mr. DeFalco in retaliation for Mr. DeFalco's June 2007 filings and the associated litigation expenses.  Ultimately, both Plaintiffs were terminated from their positions at NJ Semi-Conductor in July 2009.  Plaintiffs allege that Robert Hildebrandt is responsible for their unlawful terminations.  Plaintiffs do not allege acts of discrimination by anyone other than Robert Hildebrandt subsequent to the Stipulation of Settlement.  Since losing his job at NJ Semi-Conductor, Joseph DeFalco has applied for thirty different jobs, but has been unable to find new employment.

---

[1]     In January 2007, Mr. DeFalco, through his attorney, sent a letter to Defendant Robert Hildebrandt, complaining about receiving discriminatory treatment from David Hildebrandt, another NJ Semi-Conductor employee and Robert Hildebrandt's son.  (Compl. ¶ 20.)  References to "Hildebrandt" in the remainder of the Letter Opinion refer to Robert Hildebrandt.

[2]     The other terms of the Stipulation of Settlement do not bear on the present motion.

Plaintiffs assert that Joseph DeFalco has not found a new job because Robert Hildebrandt says disparaging things about him to prospective employers.  Although the Plaintiffs allege that Hildebrandt has made malicious and defamatory statements to others about Mr. DeFalco on an ongoing basis since his July 2009 termination, the Complaint only sets forth one specific occurrence.  Namely, that on February 23, 2011, an individual telephoned Mr. Hildebrandt seeking a reference for Joseph DeFalco.  In response, Mr. Hildebrandt falsely and maliciously told the caller that Mr. DeFalco "was running another business on the side out of [NJ Semi-Conductor], and he was doing a lot of suspicious stuff, you know.  And I took his keys away from him, and I wouldn't recommend him for the job."  (Compl. ¶ 62.)

On May 31, 2011, Plaintiffs filed a twelve-count Complaint in District Court, asserting claims against Robert Hildebrandt and NJ Semi-Conductor for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, and the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. § 10:5-1, *et seq*.  The Complaint also asserts a claim against Robert Hildebrandt for defamation.

Presently, Defendant Hildebrandt[3] moves to dismiss Counts Seven and Twelve, which allege that he aided and abetted in the unlawful discrimination of Joseph DeFalco and Anna DeFalco, respectively, in violation of the LAD.  Additionally, Defendant moves to dismiss Count Eight, which alleges that Hildebrandt is liable for defamation.

## II.    DISCUSSION

## A.    Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of the Complaint, in whole or in part, if Plaintiffs fail to state a claim upon which relief can be granted. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  Here, Counts Seven, Eight, and Twelve will be dismissed if Plaintiffs' Complaint fails to set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[3]    Although Counts Seven, Eight and Twelve are only asserted against Hildebrandt, NJ Semi-Conductor joins in this motion.  For purposes of clarity, the Letter Opinion will refer to Defendant Hildebrandt only.

**B.      Counts Seven and Twelve: Aiding and Abetting in Violation of the LAD**

Counts Seven and Twelve allege LAD aiding and abetting violations by Defendant Hildebrandt. Hildebrandt moves for dismissal of these counts because he cannot aid and abet his own wrongful conduct. The Court agrees and will dismiss these counts.

Under the LAD, Hildebrandt, Plaintiffs' supervisor, may be held personally liable if he acted to "aid, abet, incite, compel, or coerce the doing of any of the acts forbidden [by the LAD]." N.J.S.A. § 10:5-12(e). *Tarr v. Ciasulli*, 181 N.J. 70 (2004), set the standard to be applied for § 10:5-12(e) aiding and abetting claims against workplace supervisors. Under *Tarr* and its progeny, such liability cannot be established unless a supervisor provides substantial assistance to another individual committing LAD violations. *Leang v. City Bd. Of Education*, 198 N.J. 557, 576 (2009); *Putterman v. Weight Watchers Int'l, Inc.*, No. 10-1687, 2010 WL 3310706, at *2 (D.N.J. Aug. 19, 2010). Thus, if a supervisor is also the sole LAD violator, that supervisor does not, as a logical matter, embolden others to violate the LAD and there is no *prima facie* § 10:5-12(e) violation. *Putterman*, at *2; *see also In re Trobert*, No. 10-33457, 2011 WL 61666, at *2 (Bankr. D.N.J. Jan. 7, 2011).

Turning to the present matter, aside from the discrimination against Mr. DeFalco that occurred sometime before January 2007 and was resolved by settlement, Plaintiffs plead no facts showing that a person other than Hildebrandt unlawfully discriminated against Plaintiffs. Because Plaintiffs do not allege that Hildebrandt provided substantial assistance to another LAD violator, their Complaint fails to set forth sufficient facts to support a *prima facie* aiding and abetting violation. As such, Hildebrandt's motion to dismiss Counts Seven and Twelve will be **GRANTED**. *See Putterman*, at *2 (dismissing counts against supervisor/defendant for LAD aiding and abetting violations because complaint failed to "allege that other employees discriminated against her and that [supervisor defendant] emboldened them"); *In re Trobert*, at *2 (same result); *see also Londono v. City of Elizabeth*, 2010 WL 3720299, at *1, *2 (N.J. Sup. Ct. App. Div. Sept. 17, 2010) (no *prima facie* 10:5-12(e) violation where supervisor was only principal LAD violator).

**C.      Count Eight: Defamation**

Count Eight alleges that Hildebrandt is liable for making defamatory statements about Mr. DeFalco to potential future employers. Defendant moves to dismiss this count because the alleged statements are too vague to establish a right to relief, or, in the alternative, are protected by a qualified privilege. Because the Court finds neither of these arguments convincing, it will deny Hildebrandt's motion to dismiss Count Eight.

4

Under New Jersey law, Hildebrandt will be liable for defamation if he: (1) made a false and defamatory statement concerning Mr. DeFalco, (2) communicated that statement to a third party, and (3) was at least negligent in doing so. *Singer v. Beach Trading Co.*, 379 N.J. Super. 63, 80 (App. Div. 2005); *Feggans v. Billington*, 291 N.J. Super. 382, 390 (App. Div. 1996). A statement that tends "to deter third persons from associating or dealing with [plaintiff]" is defamatory. *Ward v. Zelikovsky*, 136 N.J. 516, 529 (1994) (quoting Restatement (Second) of Torts, § 559). Under federal pleading standards, Plaintiffs must plead facts sufficient to identify the defamatory words, their utterer, and the fact of their publication. *F.D.I.C. v. Bathgate*, 27 F.3d 850, 875 (3d Cir. 1994) (citations omitted); *see also Cristelli v. Filomena II, Inc.*, No. 99–2862, 1999 WL 1081290, at *3 (D.N.J. Dec. 1, 1999) ("According to [F. R. Civ. P.] 8, a defamation pleading does not need to cite precise defamatory statements, it must only provide sufficient notice to the other party of the allegations made against him."). If the Complaint fails to set forth facts supporting a *prima facie* defamation claim, or fails to meet federal pleading standards, dismissal of Count Eight will be proper.

In this case, Plaintiffs claim that Mr. DeFalco remains unemployed because of the disparaging statements that Mr. Hildebrandt made to Mr. DeFalco's prospective employers. Plaintiffs' Complaint discusses a February 23, 2011 telephone conversation in which Hildebrandt intentionally lied about Mr. DeFalco's operation of a side business in order to prevent Mr. DeFalco from finding a new job. Thus, Plaintiffs allege that Mr. Hildebrandt (1) made a false statement concerning Mr. DeFalco's operation of a side business, (2) communicated that statement to a third party – one of Mr. DeFalco's prospective employers, and (3) did so intentionally.

On these facts, the Complaint properly alleges a *prima facie* defamation claim which provides sufficient notice to Hildebrandt of the allegations made against him. *See Gardner v. U.S. Food Service, Inc.*, No. 08-5381, 2010 WL 1050168, at *4-5 (D.N.J. Mar. 19, 2010) (properly pled *prima facie* defamation claim where plaintiff alleged that defendant told unidentified "individuals seeking job inquiries" that plaintiff "was a careless and dangerous driver and was therefore terminated"); *Cruz v. HSBC*, No. 10-135, 2010 WL 2989987 (D.N.J. Jul. 26, 2010) (*prima facie* defamation claim properly pled where supervisor allegedly told plaintiff's unnamed former co-workers that plaintiff violated company policy on computer usage); *see also Knechtel v. Choicepoint, Inc.*, No. 08-5018, 2009 WL 4123275, at *1, *6 (D.N.J. Nov. 23, 2009) (amended complaint alleging that defendants communicated inaccurate and negative credit information to "unnamed 'third parties'" was sufficiently pled for plaintiff's defamation claim to survive 12(b)(6) dismissal). Thus, dismissal of the defamation claim as being too vague to establish a right to relief is improper.

Defendant asserts that Count Eight should nevertheless be dismissed because Hildebrandt's remarks about Mr. DeFalco are non-actionable privileged communications. The Court recognizes that under certain circumstances, "a qualified privilege extends to [an otherwise defamatory statement when] an employer . . . responds in good faith to the specific inquiries of a third party regarding the qualifications of an employee." *Erickson v. Marsh & McLennan Co.*, 117 N.J. 539, 562 (1990). This privilege does not, however, attach to a supervisor's false and defamatory statements about a former employee, made in bad faith to prospective employers. *Williams v. Bell Tel. Lab. Inc.*, 132 N.J. 109, 121 (1993). Assuming the facts alleged by Plaintiffs are true, Mr. Hildebrandt made false and defamatory statements about Mr. DeFalco in bad faith, and thus, these statements are not privileged.

Accordingly, Defendants motion to dismiss Count Eight on the basis of qualified privilege will be denied. *See Gardner*, at *4-5 (D.N.J. Mar. 19, 2010) (denying 12(b)(6) dismissal of defamation claim because qualified privilege for employer communications is subject to limitation); *Cruz*, at *4-5 (D.N.J. Jul. 26, 2010) (declining to find statement made to plaintiff's former co-workers was privileged workplace communication on 12(b)(6) motion to dismiss because facts alleged in complaint were insufficient to show why qualified privilege was applicable as a matter of law).

In short, Plaintiffs have pled facts to form the basis of an actionable defamation claim. Accordingly, Defendants' motion to dismiss Count Eight will be **DENIED**.

## III.    CONCLUSION

For the reasons stated above, Defendant's motion to dismiss Counts Seven and Twelve of Plaintiffs' complaint will be **GRANTED**. Defendant's motion to dismiss Count Eight will be **DENIED**. An appropriate order follows.


s/William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**